Dear Mr. McCarthy:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. Your question is as follows:
 As part of their authority, do city magistrates have the discretion to suspend the fines of $275.00 and $25.00 and charge only court costs to people pleading guilty to violating handicapped parking laws?
Local municipal authorities are given the power to regulate parking in La. R.S. 32:41. These political subdivisions may regulate parking and various other traffic controls on highways within their corporate limits that are not state maintained. State-maintained highways are governed by the provisions in Chapter 1 of Title 32. Any additions which a municipality wishes to enforce must first be approved in writing by the state department of highways. Municipalities may also, upon request of the owner or manager of a parking area, adopt rules regulating traffic and parking within that area for safety and convenience. The City of Kenner does have the power to regulate parking on highways not maintained by the state as well as state-maintained highways, if the provisions were approved by the department.
Further, La. R.S. 40:1742 requires that public subdivisions with jurisdiction over street parking or publicly owned and operated parking "shall" provide for a minimum number of handicapped reserved parking spaces. The statute further provides for penalties to be enforced against those persons who park in these reserved parking places without a valid handicapped license plate. Moreover, paragraph (B)(1) provides: "Each state agency and political subdivision having jurisdiction over state parking, publicly owned and operated parking facilities, public facilities, or public facilities for accommodationshall provide for and enforce a penalty of two hundred seventy-five dollars . . ." [Emphasis added.] The other statute in question, La. R.S. 46:2583(A)(2), sets up a Disability Affairs Trust Fund and provides that, in addition to the above-mentioned statutory penalties, ". . . the state agency or political subdivision which enforces such restrictions shallimpose an additional fee of twenty-five dollars for each of such violations." [Emphasis added.]
These statutes use the word "shall" in reference to the enforcement of these particular penalties. La. C.Cr.P. art. 5
provides: "The word `shall' is mandatory, and the word `may' is permissive." When courts encounter the clear and unambiguous language in a statute, they are bound to apply that statute as written. See La.C.C.P. art. 9.
However, despite the mandatory language in the statutes, courts have the authority to suspend sentences imposed for misdemeanors under La.C.Cr. P. art 894 unless otherwise prohibited by law. La. Attorney General Opinion No. 92-444 discusses the adjudicatory bodies which may utilize the provisions of La.C.Cr.P. art. 894. The definition of "court" as provided by La.C.Cr.P. art. 931 includes "a court with criminal jurisdiction or its judge, a city, town, village or municipal court with criminal jurisdiction." The City Court of Kenner is thus included within the definition of a "court" and therefore a city magistrate has the authority to suspend a sentence pursuant to the provisions of La.C.Cr.P. art. 894. On the other hand, mayor's courts and justices of the peace are expressly excluded from the definition of a "court" under La.C. Cr.P. art. 932. The comments to La.C.Cr.P. art. 931 explain that "city courts", as defined by that article, have general trial jurisdiction whereas mayor's courts and justices of the peace have limited authority. These courts, therefore, are not defined as "courts" in La.C.Cr.P. art. 931 and, as a result, these forums cannot suspend a sentence under La.C.Cr.P. art.894.
Therefore, it is the opinion of the Attorney General that both the $275.00 and $25.00 fines are subject to suspension in accordance with the provisions of La.C.Cr.P. art. 894. The City Court of Kenner is included within those forums which may avail themselves of suspension pursuant to La.C.Cr.P. art. 894. Therefore, the city magistrate of Kenner may utilize its provisions and suspend the fines imposed for violation of the handicapped parking laws.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ Kathleen E. Petersen Assistant Attorney General